IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DION DARYL WHEELWRIGHT,

      Petitioner,                      No. 2:13-cv-0787 GGH P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS,[1]

      Respondent.                 ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        Petitioner's recitation of his grounds for relief are incomplete, and aside from ground three, he has failed to identify any facts in support of his grounds for relief in his petition.

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). In the instant action, petitioner has named the California Department of Corrections as respondent. The Department of Corrections is not the proper respondent in this action. Petitioner is cautioned that should he return to this court after exhaustion, he should name the proper respondent. Failure to do so will result in the dismissal of the petition with leave to amend. See Stanley, 21 F.3d at 360.

See Rule 2(c), Rules Governing § 2254 Cases. Instead, the relevant portions of the petition read, in total:

> A. Ground One: Conduct credits, pre-prison and post sentence.
> Supporting FACTS (state briefly without citing cases or law):
> P2900.5 was amended to read: In Jan. 20th 2011. Please see supporting facts attachment.[2]
>
> B. Ground Two: State constitution amended at the time I was in a county jail, in Sacramento.
> Supporting FACTS (state briefly without citing cases or law):
> Which provides individuals that County with certain rights.
>
> C. Ground Three: I received a lower rate befor I got to prison.
> Supporting FACTS (state briefly without citing cases or law): My abstract of judgement shows the amount of time spent and I was given credit on my sentence at the rate of 15% and not ½ halftime for the days I did before being sentence to state prison. Which should start until I in C.D.C.R. or state prison.

(Doc. No. 1 at 4-5.)

Petitioner has not explained what it was about conduct credits in ground one that violated his constitutional rights, and does not provide the full citation of the law that was amended or what that amendment did to affect his rights. He has not provided the attachment of supporting facts to which he refers. In regard to ground two, petitioner does not explain how the state constitution was amended, what rights it provided, and how it affected him. While ground three contains the most explanation of all the grounds, it would be helpful if petitioner could provide the court with any supplemental materials which may assist the court in determining what occurred. To the extent possible, petitioner should provide copies of his habeas petitions presented to the state courts, along with the decisions he received. While the court is cognizant of the low threshold for petitioner at this stage of the proceedings, absent these most basic facts, the court is currently unable to determine whether petitioner alleges a cognizable claim. See, e.g., Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (deficient petition should be dismissed

---

[2] No attachment has been filed.

2

with leave to amend "unless it appears that no tenable claim for relief can be pleaded were such relief granted.")

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner motion to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner's petition for writ of habeas corpus is dismissed with leave to file an amended petition within thirty days from the date of this order;

3. Any amended petition must be filed on the form provided with this order, must name the proper respondent, and must state all claims and prayers for relief on the form; it must bear the case number assigned to this action and the title "Amended Petition"; failure to file an amended petition will result in the dismissal of this action; and

4. The Clerk of the Court is directed to send petitioner the court's form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DATED: May 30, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:076/Whee0787.114.wpd