UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION DARYL WHEELWRIGHT, | No. 2:13-cv-0787-GGH (HC) |
| Petitioner, | |
| v. | ORDER[1] |
| C. WOFFORD, | |
| Respondent. | |

Introduction

    Petitioner is a state prisoner proceeding in pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's September 13, 2013, motion to dismiss on the grounds that this action is barred by the statute of limitations. Petitioner has filed an opposition based on equitable tolling, to which respondent has filed a reply. The court now issues the following order granting respondent's motion to dismiss.

Discussion

    The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

///

---

[1] This case proceeds before the undersigned as a "consent" case pursuant to 28 U.S.C. § 636(c).

1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was convicted of voluntary manslaughter and being a felon in possession of a fire arm. (Resp't's Lod. Doc. 1.) On March 11, 2011, petitioner was sentenced to seven years, eight months. (Resp't's Lod. Doc. 1.) Petitioner did not appeal. Instead, he filed three state habeas petitions. His first petition, filed in the Sacramento County Superior Court on August 22, 2012, seeking amendment of the abstract of judgment to provide an award of additional pre-sentencing custody credits. (Resp't's Lod. Doc. 2.) This petition was denied on September 7, 2012. (Resp't's Lod. Doc. 3.) The second petition, filed in the Third District Court of Appeal on September 24, 2012 (Resp't's Lod. Doc. 4), was denied on October 11, 2012 (Resp't's Lod. Doc. 5). The third and final state court habeas petition, filed in the California Supreme Court on November 5, 2012 (Resp't's Lod. Doc. 6), was denied on January 16, 2013 (Resp't's Lod. Doc. 7). Notwithstanding these state habeas petitions, petitioner's conviction had become final for AEDPA purposes on May 10, 2011.[2] Petitioner had one year, that is, until May 10, 2012, to file a

---

[2] In one instance, petitioner claims the date on which his conviction became final was June 9, 2012, one year and 90 days from his March 11, 2011 sentencing date. Petitioner may have been relying on Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999), wherein the Ninth Circuit held that the statute of limitations for a petitioner seeking a petition for certiorari with the Supreme Court begins to run when the 90-day period, as defined in Supreme Court Rule 13, expires, i.e., 90 days after the state supreme court has ruled. In this instance, petitioner stressed that he did not seek to overturn his conviction on direct appeal. As such, petitioner does not benefit from the 90 day rule and had only until May 10, 2011, 60 days after the date of his conviction and sentencing,

timely federal petition, absent applicable tolling.  As such, the instant action, filed April 15, 2013,[3] is not timely unless petitioner is entitled to statutory or equitable tolling.

### Statutory Tolling

Petitioner filed his first state habeas petition on August 22, 2012, three months after the expiration of the statute of limitations on May 11, 2012.  After denial of his first state petition in the Superior Court, petitioner filed two additional habeas petitions, the last of which was denied by the state Supreme Court in a summary order filed January 16, 2013.  Petitioner is not entitled to statutory tolling for the time his state court petitions were pending, because a state court habeas post-conviction process commenced beyond the expiration of AEDPA's statute of limitations does not toll or revive the limitations period under section 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### Equitable Tolling

A habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  To be entitled to equitable tolling, petitioner must show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing.  See Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).  The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  See Holland, 560 U.S. at 653, 130 S. Ct. at 2565; Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it nearly impossible to file a petition on time, and that the

---

to file an appeal.  See Cal. R. of Ct., rule 8.308(a).  On that date, his conviction became final for AEDPA purposes.  See Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).

[3] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court.  Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

1  extraordinary circumstances must be the cause of the petitioner's untimeliness.  See Bills, 628

2  F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  This is a very high

3  threshold, "lest the exceptions swallow the rule."  See Miranda, 292 F.3d at 1066 (9th Cir. 2002).

4  In addition, "'[w]hen external forces, rather than a petitioner's lack of diligence, account for the

5  failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d

6  918, 922 (9th Cir. 2002), quoting Miles v.Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

7         Petitioner has failed to demonstrate that he was diligent in pursuing his federal habeas

8  remedies.  As explained above, petitioner's first state petition was filed in August 22, 2012, well

9  after the AEDPA statute of limitations expired.  Petitioner asserts that he first became aware of

10 the basis of his petition in October 2011 but does not explain why he waited another ten months

11 to file his first state habeas petition.  As such, petitioner has failed to establish his diligence in

12 pursuing his federal claims.

13        Furthermore, petitioner has failed to present a viable excuse that would warrant equitable

14 relief.  Petitioner contends that he is entitled to equitable tolling because he was unaware of the

15 AEDPA time limitations, lacked legal sophistication, lacked access to legal research material, and

16 received ineffective assistance of trial counsel after sentencing.  However, none of these

17 circumstances constitute "extraordinary circumstances" for purposes of equitable tolling.

18        <u>Legal Sophistication and Layman Status</u>

19        A petitioner's lack of knowledge of state and federal law does not provide a basis for

20 equitable tolling.  Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1112-13 (9th Cir. 2009).  Also,

21 "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance

22 warranting equitable tolling."  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

23 Accordingly, petitioner's contentions that he is a layman and was unaware of the AEDPA time

24 limitations are unavailing.

25        <u>Library Access and Transfers</u>

26        Petitioner asserts that he was prevented access to the law library when he was awaiting his

27 transfer from Deuel Vocational Institution in Tracy to Avenal State Prison and when he was

28 housed in administrative segregation.  The Ninth Circuit has found that "ordinary prison

limitations on a [petitioner's] lack of access to the law library and copier . . . . were neither 'extraordinary' no made it 'impossible' for him to file his petition in a timely manner." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (prisoner not entitled to equitable tolling for time in administrative segregation when he had only limited access to law library and copier).

<u>Ineffective Assistance of Trial Counsel After Sentencing</u>

Petitioner contends that he relied on his trial attorney to protect his interest after sentencing, asserting that trial counsel had a post-conviction duty to assist him with the custody credit issue and advise him of the federal habeas one-year statute of limitations. Petitioner sent a letter to his trial counsel after becoming concerned about the rate at which his custody credits were calculated. According to petitioner, trial counsel did not respond until a month later and was not thorough. As a result, petitioner was forced to perform his own legal research on the matter.

Petitioner does not sufficiently articulate how or why trial counsel was ineffective or how the assistance rendered did not rise to level of competence. Also, petitioner concedes that there is no Sixth Amendment right to counsel in federal habeas corpus proceedings. Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993). And, as noted above, a petitioner's lack of knowledge of federal law does not provide a basis for equitable tolling. Waldron-Ramsey, 556 F.3d at 1112-13.

In the final analysis, petitioner must claim that his counsel's post-final conviction alleged tardiness and advice deficiencies constitutes an extraordinary situation which tolls the AEDPA limitations period. However, taking a month to respond to petitioner, and arguing that counsel's post-conviction advice, whatever that was, was only partially correct, cannot stand as an extraordinary reason for failure to timely file a petition. Any other result in the circumstances of this case would effectively permit any alleged unfulfilled request made to a former counsel, after the finality of a conviction, to be subject as a reason to toll the AEDPA limitations period. The limitations rule is not so easily cast into oblivion.

Nor is this a situation which might be saved by Martinez v. Ryan, __U.S.__, 132 S. Ct. 1309 (2012), although petitioner argues in his opposition to the motion to dismiss that his counsel was deficient at sentencing and advising him about appeal on the issue of "errant" application of

the time credits.  As noted above, petitioner further claims that his counsel was slow to respond to his post-conviction requests and counsel's post-conviction advice was only marginally helpful. Martinez held that in a situation where ineffective assistance of counsel could not be asserted on direct review, the procedural default occasioned by the failure to raise ineffective assistance of counsel in the first habeas petition, might be "cause" to excuse the procedural default.  Although the rule in Martinez is an equitable one, it applied only to procedural default issues and does not apply to the equitable tolling principles pertinent to the AEDPA limitations issue.  Moreover, petitioner is unlike the petitioner in Ha Van Nguyen v. Curry, 736 F.3d 1287 (9th Cir. 2013), whose belated ineffective assistance of appellate counsel claim was ultimately held to have related back to a claim filed in a timely habeas petition.  In that case Martinez applied because the belated claim would surely be defaulted on state law grounds—hence the issue was ultimately one of whether petitioner exhibited cause for procedurally defaulting the claim.  In this case, petitioner cannot relate back an ineffective assistance of counsel claim (even if he had ever pled one, which he has not) because there is no timely claim for an amended ineffective assistance claim to relate back to.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that respondent's motion to dismiss the petition as untimely, filed on September 13, 2013 (ECF No. 12), is granted and this action is dismissed with prejudice.

Dated: 08/05/14

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:016/Whee787.mtd